IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES ZELTON BELLAMY, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-21-3284 |
| § | |
| J.B. HUNT TRANSPORT, INC., D LONG § | |
| AND SONS TRUCKING, LLC, and DON § | |
| DECARDO LONG, II § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

James Zelton Bellamy, Jr., filed this suit in state court after he was injured in a collision with a tractor-trailer. (Docket Entry No. 8-1, at 3). He sued the driver, Don Decardo Long, II, and Long's employers, J.B. Hunt Transport, Inc. and D Long and Sons Trucking, LLC. (*Id.* at 6–8). J.B. Hunt removed to federal court, asserting that this court has diversity and original jurisdiction over Bellamy's negligence claims. (Docket Entry No. 1). Bellamy moved to remand to state court, arguing in part that Don Decardo Long, II and D Long and Sons Trucking, LLC did not timely consent to removal. (Docket Entry No. 8).

Unanimous consent is a procedural prerequisite to removal. To remove a state petition to federal court, all properly joined and served defendants must consent to removal by signing the original petition for removal or by filing a written consent to the removal within 30 days of service of the state court pleading. 28 U.S.C. § 1446(b)(2); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015); *Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, 19-cv-289, 2019 WL 5685425, at *2 (S.D. Tex. Oct. 16, 2019). Unanimous consent is required "in cases removed on the basis of

diversity or federal question jurisdiction . . . unless a statute other than [28 U.S.C.] § 1441 authorizes the removal without one defendant's consent." *SkyGlass, Inc. v. PartnerShip, LLC*, 19-cv-1087, 2019 WL 3819282, at *2 (N.D. Tex. Aug. 14, 2019); *Parker v. Bill Melton Trucking, Inc.*, Case No. 15-cv-2528, 2015 WL 5923996, at *2 (N.D. Tex. Oct. 9, 2015) (The "unanimous consent rule is applicable in cases of diversity of citizenship jurisdiction as well as cases of federal question jurisdiction."). The defendants have "not suggested any statute that would authorize removal" without unanimous consent, "and the Court has found none." *Skyglass, Inc.*, 19-cv-1087, 2019 WL 3819282, at *2.

The defendants admit that Don Decardo Long, II and D Long and Sons Trucking, LLC did not sign J.B. Hunt's petition for removal and did not timely file a notice of written consent to removal. The two defendants eventually filed a notice of written consent, but only after the 30-day window to consent had expired. (*See* Docket Entry No. 5). The defendants argue that this court should not remand, because J.B. Hunt stated in its notice of removal that "Defendants D Long and Sons Trucking, LL[C] and Don Decardo Long II consent to the removal of this matter to federal court, pursuant to 28 U.S.C. § 1446(b)(2)(a)," (Docket Entry No. 1, at 7), and because the two defendants later confirmed their consent in an untimely notice to this court. (Docket Entry No. 13, at 8). The defendants "recognize [that] Fifth Circuit opinions . . . tend to strictly construe the § 1446 consent requirements," but ask this court to adopt a more lenient approach, "allow[ing] the removing party's statement of consent to satisfy the 28 U.S.C. § 1446 [unanimous consent] requirement." (*Id.*, at 7, 8).

"[N]either the Supreme Court nor Congress has clarified what form consent [to removal] must take," and "the circuits have split on this issue." *Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015). The defendants encourage this court to adopt the

2

position of the Fourth, Sixth, and Ninth Circuits, which "permit a defendant to indicate another defendant's consent to remove." (Docket Entry No. 13, at 7 (citing *Mayo v. Bd. Of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Harper v. AutoAlliance Int'l Inc.,* 392 F.3d 195, 201–02 (6th Cir. 2004); *Proctor v. Vishary Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)). The Fifth Circuit has, however, adopted a strict approach to unanimous consent, requiring "that all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers*, 783 F.3d at 576 (emphasis in original). The Fifth Circuit has rejected a finding of unanimous consent when "nothing in the record, except [one defendant's] unsupported statement in the original removal petition, indicates that [the other defendant] actually consented to removal when the original petition was filed." *Getty Oil Corp. v. Ins. Co. of N. Am.¸* 841 F.2d 1254, 1261 n.11 (5th Cir. 1988); *see also Spillers v. Tillman*, 959 F. Supp. 364, 370 (S.D. Miss. 1997) ("To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation. . . . Furthermore, Rule 11, Fed. R. Civ. P., does not authorize one party to make representations or file pleadings on behalf of one another.") (citation omitted)).

The parties agree that two of the served defendants did not timely file a written notice of consent to removal. The defendants also did not "sign the original petition" for removal. (*See* Docket Entry No. 1, at 9 (signed only by "attorneys for defendant J.B. Hunt")). Nothing in the removal petition indicates that attorneys for J.B. Hunt were authorized to make representations on the other defendants' behalf. The defendants filed a written consent to removal, but they did so after the removal period expired. A written notice of consent filed late cannot cure this procedural defect. *See Getty Oil Corp.*, 841 F.2d at 1262, 1263 ("[A]ll served defendants must join in the

petition no later than thirty days from the day on which the first defendant was served," and the "failure to do so renders the petition defective."); *Spoon v. Fannin Cmty. Supervision and Corrections Dept.*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011) ("District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." (quoting *Harden v. Field Mem. Cmty. Hosp.*, 516 F. Supp. 2d 600, 606 (S.D. Miss. 2007)).

J.B. Hunt's removal lacks unanimous consent and remand is required.[1] Bellamy's motion to remand is granted.

SIGNED on December 10, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] Although remand is required because of the absence of unanimous consent, the parties are diverse. (*See* Docket Entry No. 1, at 1). J.B. Hunt also argued for federal question jurisdiction because the Federal Aviation Administration Authorization Act preempted Bellamy's state law negligence claims. The court does not reach the preemption argument.